**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO:**

BERNICE CALVENTE,

       Plaintiff,

v.	JURY TRIAL DEMANDED

CHILDREN'S PLACE AT HOME SAFE,
INC. and JESSICA MEISEL,

       Defendants

_____/

**COMPLAINT**

    1.    Plaintiff Bernice Calvente, a former Referral Coordinator at Children's Place at Home Safe, Inc. ("Home Safe" or the "Company"), brings this action asserting claims under the Family Medical Leave Act ("FMLA") against Defendants Home Safe and Jessica Meisel, Compliance Manager.

    2.    Specifically, Ms. Calvente was unlawfully terminated because she had to take two protected FMLA leaves in a three month period, including most recently FMLA leave to treat her COVID-19 symptoms.

    3.    At the termination meeting, Defendants refused to provide Ms. Calvente with a reason for her termination despite multiple requests for one.

**JURISDICTION AND VENUE**

    4.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## ADMINISTRATIVE PREREQUISITES

6. On April 29, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Florida Commission on Human Relations ("FCHR"), alleging unlawful age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, §§ 760 *et seq.* ("the FCRA").

7. Upon issuance of a Notice of Right to Sue from the EEOC, Plaintiff will seek leave to amend this Complaint to include claims under Title VII.

8. Pursuant to FCRA § 760.11(8), Plaintiff will seek leave to amend this Complaint to include claims under the FCRA after 180 days have passed without there being a determination by the FCHR on whether reasonable cause exists.

## PARTIES

9. Plaintiff Bernice Calvente is a former employee of Home Safe. At all relevant times herein, Ms. Calvente met the definition of an "employee" and/or "eligible employee" since she worked at least 1,250 hours in the 12 months prior to her leave and worked in a Home Safe location that employed 50 or more employees within a 75 mile radius.

10. Defendant Children's Place at Home Safe, Inc. is a domestic not for profit corporation with its principal place of business located at 2840 Sixth Avenue S., Lake Worth, FL 33461. At all times relevant herein, Children's Place at Home Safe, Inc. met the definition of an "employer" and/or "covered employer" under all relevant statutes.

11. Defendant Jessica Meisel is the Compliance Manager at Home Safe and was responsible for supervising Ms. Calvente and made the decision to terminate her employment. At all relevant times, Ms. Meisel qualified as an individual employer under all applicable statutes.

## STATEMENT OF FACTS

### I. Background

12. Ms. Calvente is 54 years old and came to Home Safe with a wealth of experience.

13. Ms. Calvente worked in the banking industry for twenty years before she moved to West Palm Beach and worked at Healthy Mothers-Healthy Babies for eight years as a support specialist and administrative assistant.

14. Immediately prior to joining Home Safe in March 2019, Ms. Calvente worked as an administrative clerk for Vitas Healthcare.

15. Ms. Calvente voluntarily decided to leave Vitas Healthcare to take an Office Coordinator position at Home Safe because she enjoyed working for a non-profit and the position offered better pay and benefits.

16. Ms. Calvente reported to Paloma Prata, the Company's Chief Program Officer, and her responsibilities included budget planning, data entry, accounts payables and receivables and vendor management.

17. Ms. Calvente was a dedicated work and got along very well with Ms. Prata.

18. Around March 2020, Ms. Prata informed Ms. Calvente that her position would be changed to Referral Coordinator because the Company needed to hire an Office Manager that had more contract experience.

19. Ms. Calvente was glad to make the switch because the Referral Coordinator position gave her the opportunity to interact with and help clients that were referred to the Company.

20. In August 2020, Ms. Calvente's supervisor was changed to Jessica Meisel, Compliance Manager.

## II.     Ms. Calvente Takes Protected FMLA Leaves

21. On November 4, 2020, Ms. Calvente had a molar pulled out and two days later had to be hospitalized due to an adverse reaction to the medication that caused her trachea to close up.

22. Ms. Calvente was hospitalized for two days and then required additional time to recover.

23. Ms. Calvente applied for and was granted FMLA leave from November 4, 2020 through November 24, 2020.

24. Ms. Meisel never once reached out Ms. Calvente during her leave to see how she was doing and only seemed to be glad to have Ms. Calvente back at work so she would not have to be responsible for her work.

25. Ms. Calvente returned to work following Thanksgiving and worked until her vacation during the Christmas and New Year's holidays.

26. On January 4, 2021, Ms. Calvente returned to the office from vacation feeling slightly under the weather.

27. Since Ms. Calvente was the only person in the office she continued to work until she progressively felt worse and left.

28. Ms. Calvente stayed home the following days and her symptoms worsened.

29. On January 7, 2021, Ms. Calvente was tested for COVID-19 and found out a few days later that she was positive.

30. Ms. Calvente spent most of the month of January in bed with a fever, chills, body aches, cough and loss of taste.

31. Ms. Calvente visited her doctor four times to receive treatment and was proscribed several medications to treat her cough and chest pain that developed into bronchitis.

32. Ms. Calvente was approved for short-term disability and FMLA leave because she was unable to work due to her inability to talk for prolonged periods.

### III.     Ms. Calvente Is Terminated Immediately Upon Her Return From FMLA Leave

33. On February 5, 2021, Ms. Calvente received clearance from her doctor to return to work.

34. Ms. Calvente called Billy Van Ee, Chief Human Resources Officer, to inform him that she was cleared and planned to return to work the next work day, February 8, 2021.

35. Ms. Calvente also called Ms. Meisel to also let her know that she would be returning to work.

36. Ms. Meisel abruptly told Ms. Calvente that there would be a meeting with Human Resources and to bring her computer and keys.

37. Ms. Meisel did not ask Ms. Calvente how she was doing, and similar as before, had never contacted Ms. Calvente while she was out on leave to see how she was doing.

38. On February 8, 2021, Ms. Calvente arrived at the office and meet with Mr. Van Ee and Ms. Meisel.

39. Mr. Van Ee told Ms. Calvente she was being terminated.

40. Ms. Calvente asked for a reason, but you told her that a decision to terminate was made and it did not matter the reason.

41. Ms. Calvente again asked for a reason but you continued to refuse to provide her with one.

42. Ms. Calvente then got up and left.

43. Ms. Meisel did not say anything during the termination meeting, and did not even make eye contact with Ms. Calvente.

44. A job posting for Ms. Calvente' position was listed a few days later and someone in their early 30s is believed to have filled that position.

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)
*Against Defendants*

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation in the preceding factual allegations, as though fully set forth herein.

46. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA.  Plaintiff, a full-time employee of Home Safe, at all relevant times worked at least 1,250 hours in any 12-month period, and specifically did so during the 12-month period preceding her termination.

47. At all times relevant herein, Home Safe was a "covered employer" within the meaning of the FMLA.  Home Safe employs 50 or more employees during at least 20 calendar weeks over the covered period within a 75-mile radius of Plaintiff's work location.

48. At all times relevant herein, Defendant Meisel was an individual employer under the FMLA because she supervised Plaintiff and had the authority to terminate Plaintiff.

49. By the actions described above, among others, Defendants have retaliated against Plaintiff for taking FMLA leave, including by, *inter alia*, scrutinizing her work following her leave and terminating her employment.

50. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages, liquidated damages, reasonable attorneys' fees and expenses, and other relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, an award of back pay and loss of benefits through the date of trial and front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible;

D. An award of liquidated damages in an amount to be determined at trial;

E. Prejudgment interest on all amounts due;

F.  An award of Plaintiff's reasonable attorneys' fees and costs; and,

G.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: May 19, 2021
Plantation, Florida

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: _____
Bryan Arbeit, Bar No. 1010329

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
Tel: (954) 694-9610
barbeit@forthepeople.com

*Attorneys for Plaintiff*